# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                    No. CIV 09-0315 LH/LAM
                                        CR 06-2263 LH

**Oscar Provencio-Sandoval,**

    **Defendant/Movant.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 29)*

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 29)*[1] (hereinafter "*PF&RD*"), filed on October 19, 2009. On October 29, 2009, Defendant/Movant filed a *Motion for Re[]consideration (Doc. 30)* and on November 4, 2009, he filed a *Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration (Doc. 31)*. The Court construes these documents as objections to the *PF&RD*. Plaintiff/Respondent did not file any objections to the *PF&RD* or any response to either of Defendant/Movant's motions. The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Defendant/Movant objects and finds that his objections contained in his *Motion for Re[]consideration (Doc. 30)* and *Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration (Doc. 31)* are without merit. Accordingly, the Court has determined that it will: (1) deny Defendant/Movant's *Motion for Re[]consideration (Doc. 30)* and *Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration (Doc. 31)*; (2) overrule Defendant/Movant's objections contained in his *Motion for Re[]consideration (Doc. 30)* and

---

[1] Unless otherwise noted, all referenced documents are from Case No. CIV-09-0315.

*Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration (Doc. 31)*; (3) adopt the *PF&RD (Doc. 29)*; (4) deny Defendant/Movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* and *Petition for Writ of Mandamus (Doc. 28)*; and (5) enter a judgment dismissing this case with prejudice.

In his *Motion for Re[]consideration (Doc. 30)* and *Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration (Doc. 31)*, Defendant/Movant objects to the Magistrate Judge's finding that his claim that his conviction is illegal because he is a United States citizen is without merit. Defendant/Movant claims that he is a United States citizen under 8 U.S.C. § 1409(c) because he was born out of wedlock and his mother is, according to Defendant/Movant, a United States citizen. This objection is the first time Defendant/Movant has provided the Court with the statute under which he claims to be entitled to derivative citizenship.[2] Section 1409(c) states:

> [A] person born, after December 23, 1952, outside the United States and out of wedlock shall be held to have acquired at birth the nationality status of his mother, if the mother had the nationality of the United States at the time of such person's birth, and if the mother had previously been physically present in the United States . . . for a continuous period of one year.

As explained in the *PF&RD* at pages 6-8, Defendant/Movant failed to raise on direct appeal his claim that he was illegally convicted because he is a United States citizen, and he failed to make any showing of cause excusing him for failing to raise that issue. Accordingly, Defendant/Movant

---

[2]The *PF&RD (Doc. 29)* at 11-13 contains an analysis of whether there is merit to Defendant/Movant's claim to United States citizenship under 8 U.S.C. § 1401(g) (1986) (previously 8 U.S.C. § 1409(a)(7) (1952)), which pertains to children born to parents who are married. *See Nguyen v. Immigration and Naturalization Service*, 533 U.S. 53, 59 (2001). The Court notes that Plaintiff/Respondent cited to Section 1401(g) in the *Government's Response to Petitioner Provencio-Sandoval's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 27)* at pages 6-7, and neither Defendant/Movant nor Plaintiff/Respondent cited to Section 1409(c) in any of their pleadings before the Magistrate Judge.

is procedurally barred from raising it in his § 2255 motion. *See United States v. Bolden*, 472 F.3d 750, 752 (10th Cir. 2006). While ineffective assistance of counsel may constitute cause which could excuse a procedural default (*see Murray v. Carrier*, 477 U.S. 478, 488 (1986)), the Court finds that Defendant/Movant has failed to show ineffective assistance of counsel for failing to pursue this claim.

In order for Defendant/Movant to prevail on an ineffective assistance claim, he must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant/Movant has failed to show that his attorney's performance fell below an objective standard of reasonableness for failing to pursue Defendant/Movant's claim that he is a United States citizen under Section 1409(c) because there is no support in the record that Defendant/Movant is a United States citizen pursuant to this statute. Defendant/Movant provides no evidence of his mother's citizenship - - only a permanent resident card stating that she was a permanent resident starting on March 20, 1990. *See* **Exhibits to § 2255 Motion** *(Doc. 8-2)* at 9 (Exhibit 21). The fact that she was a permanent resident alien as of March 20, 1990 implies that she was not a United States citizen at the time of Defendant/Movant's birth, which is a requirement under Section 1409(c). In addition, Defendant/Movant's birth certificate states that his mother is a citizen of Mexico. *Id.* at 12 (Exhibit 24). Defendant/Movant claims that his mother derived her citizenship from her mother, whom he states was a United States citizen and provides a copy of her birth certificate. *Id.* at 4 (Exhibit 16).[3] However, Section 1409(c) does not apply to his mother because she was born before December 23, 1952, so she could not derive United States citizenship

---

[3]However, the Court notes that Defendant/Movant's mother's birth certificate states that her mother was a citizen of Mexico. *Id.* at 8 (Exhibit 20).

from her mother's citizenship under this statute, and Defendant/Movant fails to argue or provide any evidence that his mother derived her United States citizenship under the statute in effect at the time of her birth.[4] Again, Defendant/Movant's mother was probably <u>not</u> a United States Citizen at the time of his birth because he claims that she was a permanent resident as of March 20, 1990. *Id.* at 9 (Exhibit 21).

In addition, Defendant/Movant's claim that he was born out of wedlock is questionable because he states in his ***Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration*** *(Doc. 31)* at page 3 that the reason he claims that he was born out of wedlock is because his mother "was still a minor, without the 'legal age of consent' to marr[y]" when he was born. The Court finds no support in the relevant statutes, regulations or cases that a birth is considered "out of wedlock" for purposes of Section 1409(c) if the child is born to a parent who is still a minor. The Court notes that this statement may indicate that Defendant/Movant's parents were married at the time of his birth, negating the application of Section 1409(c). Finally, evidence in the record refutes Defendant/Movant's claim that he is a United States citizen. In the ***Sentencing Memorandum*** *(Doc. 41)*, filed in Case No. CR-06-2263 at page 1, Defendant does not claim to be a United States citizen and states that he "does not challenge [his] conviction." At the sentencing hearing, Defendant/Movant's counsel stated that he and Defendant/Movant did not object to the facts stated in the Presentence Report, which states that Defendant/Movant is a citizen of Mexico. *See* ***Transcript of Sentence Hearing*** *(Doc. 51)*, filed in Case No. CR-06-2263, at page 2 (referring to the ***Presentence Investigation Report***, not filed in either case, at page 1, which states that he is

---

[4] It appears that Defendant/Movant's mother would be subject to the citizenship requirements of the Nationality Act of 1940, 8 U.S.C. § 601, et seq. (repealed 1952), which includes certain residency and age requirements for people seeking United States citizenship through the United States citizenship of one parent. *See* Laura Hunter Dietz et al., American Jurisprudence Aliens and Citizens § 2231 (2nd ed. 2009) (citing the Nationality Act of 1940 § 201(g), 54 Stat. 1139).

a citizen of Mexico and an "Illegal Alien."). Finally, even if Defendant/Movant could demonstrate that his mother is a United States citizen and that he was born out of wedlock, Defendant/Movant would still have to comply with 8 C.F.R. § 341.1 to obtain proof of his United States citizenship. *See* 8 C.F.R. § 341.1 (instructing persons who claim to have acquired United States citizenship under Section 309(c) (codified at 8 U.S.C. § 1409(c)) to apply for a certificate of citizenship by submitting a Form N-600 and submitting supporting evidence).[5]

Because there is no support in the record for Defendant/Movant's claim that he is a United States citizen, the Court finds that his counsel's performance did not fall below an objective standard of reasonableness for failing to pursue this claim and Defendant/Movant fails to demonstrate that he was prejudiced by his attorney's performance. *See Strickland*, 466 U.S. at 694 (to demonstrate prejudice, a defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (holding that counsel's failure to raise meritless issue in underlying criminal case did not constitute ineffective assistance). Defendant/Movant has not alleged that he gave any of the documents relating to his claim for derivative United States citizenship to his counsel, so there is no support that his counsel had any information regarding this claim. Defendant/Movant's failure to object to the statement in the Presentence Report that he is a citizen of Mexico and an "Illegal Alien," and his failure to challenge his conviction for illegal re-entry, further support a finding that his counsel may not have known about Defendant/Movant's claim for derivative United States citizenship or that

---

[5]Defendant/Movant's claim in his *Motion for Re[]consideration (Doc. 30)* at page 2 that, pursuant to 8 U.S.C. § 1431(a), he is automatically a citizen of the United States because his mother is a United States citizen is without merit because that statute applies to children "under the age of eighteen years . . . residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence." 8 U.S.C. § 1431(a)(2)-(3). Defendant/Movant does not meet these conditions.

Defendant/Movant may never have raised this issue with him. Therefore, Defendant/Movant's counsel could not have been ineffective for failing to pursue this claim. Accordingly, the Court agrees with the Magistrate Judge's finding that Defendant/Movant's counsel was not ineffective for failing to investigate Defendant/Movant's claim to be a United States citizen and overrules this objection.

*Conclusion*

Upon careful *de novo* consideration of the record of this case, the **PF&RD** and Defendant/Movant's objections in his ***Motion for Re[]consideration*** *(Doc. 30)* and ***Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration*** *(Doc. 31)*, the Court finds that his objections are without merit. Therefore, the Court will deny the motions, overrule the objections, adopt the **PF&RD**, deny Defendant/Movant's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 1)*, and enter a judgment dismissing this case with prejudice.

**IT IS THEREFORE ORDERED** that:

1.  Defendant/Movant's ***Motion for Re[]consideration*** *(Doc. 30)* and ***Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration*** *(Doc. 31)* are **DENIED**;

2.  Defendant/Movant's objections contained in his ***Motion for Re[]consideration*** *(Doc. 30)* and ***Motion to Consider Additional Inf[ormation] for Motion [for] Reconsideration*** *(Doc. 31)* are **OVERRULED**;

3.  The Magistrate Judge's ***Proposed Findings and Recommended Disposition*** *(Doc. 29)* are **ADOPTED** by the Court;

    4. Defendant/Movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* and *Petition for Writ of Mandamus (Doc. 28)* are **DENIED**; and

    5. This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

    **IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**